# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GILBERT GARCIA,**

     **Plaintiff,**

v.                                                                                          **No. 15-cv-0609 SMV**

**CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,**

     **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supportive Memorandum [Doc. 17] ("Motion"), filed on November 12, 2015. The Commissioner responded on February 8, 2016. [Doc. 21]. Plaintiff replied on February 22, 2016. [Doc. 22]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 7]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to show that the administrative law judge ("ALJ") erred in comparing Plaintiff's countable self-employment income before and after he became seriously impaired. Accordingly, the Motion will be denied.

## <u>Standard of Review</u>

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process ("SEP").  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience.  *Id.*

## Procedural Background

Plaintiff originally applied for a period of disability and disability insurance benefits on April 23, 2008.  Tr. 32.  He alleged a disability-onset date of December 31, 2003.  *Id.*  His claim was denied initially, on reconsideration, and by ALJ Barry O'Melinn.  Tr. 32, 38.  ALJ O'Melinn found that Plaintiff's date last insured ("DLI") was December 31, 2003, and that Plaintiff had

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

been engaged in substantial gainful activity ("SGA") through that date.  Tr. 34.  Accordingly, he denied the claim.  Tr. 38.  The Appeals Council denied review, and Plaintiff filed his first appeal to federal court.  *See* Tr. 440.  That appeal was resolved when the Commissioner voluntarily requested remand to determine whether Plaintiff's DLI should be extended beyond 2003.  *Id.* After the voluntary remand, Plaintiff amended his alleged onset date to October 1, 2006.  Tr. 405.

On remand, ALJ O'Melinn found that Plaintiff's DLI should be extended to December 31, 2008.  Tr. 405.  He further found that Plaintiff had been engaged in SGA through that date and, indeed, through the date of his decision (March 19, 2015).  Tr. 411.  The ALJ based his SGA finding on Plaintiff's work (and income) as the owner of a locksmith and alarm system company.  Tr. 407–11.  As is relevant here, the ALJ analyzed Plaintiff's earnings starting in 1993 through 2013.  Tr. 411.  He found that regardless of whether he considered the originally alleged onset date (of 2003) or the currently alleged onset date (of 2006), Plaintiff's earnings before and after the alleged onset dates were comparable.  *Id.*

Specifically, he found that both before and after each alleged onset date, Plaintiff had "many years" during which he reported minimal profits, no profits, or net losses.  *Id.* Specifically, the ALJ pointed to 1993, 1995, 1996, 1997, and 1998.  All of these years preceded either of Plaintiff's alleged onset dates, and all produced zero earnings.  *Id.* (citing Tr. 527). Next, he examined Plaintiff's tax returns for 2005 and 2010 through 2013.  *Id.*  For those years, he found that Plaintiff's business had gross income of between $150,000 and $172,016, but minimal net profits, between $979 and $5,126.  *Id.*  Based on these figures, the ALJ concluded

4

that Plaintiff's "income is comparable to what it was before he became seriously impaired."  *Id.* Having found that Plaintiff was engaged in SGA at the relevant times, the ALJ was not required to proceed through the SEP, and he denied the claim a second time.  Tr. 411–12.  Plaintiff now appeals that second denial to this Court.  [Doc. 1].

## Analysis

In this action, there is one narrow issue in dispute:  whether the ALJ erred in determining that the countable income Plaintiff derived from his locksmith business before becoming disabled was comparable to that which he had after becoming disabled.  Plaintiff argues that the ALJ erred.  Plaintiff argues that his income after becoming disabled actually is not comparable to what it was before he became disabled.  This matters because if Plaintiff's income is not comparable to what it used to be, then Plaintiff has not necessarily been engaged in SGA, and the case would have to be remanded for further proceedings.  However, the Court is not persuaded by Plaintiff's argument.  He fails to show any reversible error.  The Motion will be denied and the Commissioner's final decision, affirmed.

### Legal Standard for Determining SGA

The parties agree on the legal standard applicable in this case.  *See* [Doc. 17] at 3–5; [Doc. 21] at 5–7.  There are three tests for determining whether a claimant's self-employment constitutes SGA.  *See* 20 C.F.R. § 404.1575(a)(2); Social Security Ruling ("SSR") 83-34, 1983 WL 31256, at *1–4, 7–8 (1983).  The parties agree that of the three tests, only Test One is applicable here.  [Doc. 17] at 5; [Doc. 21] at 5.  However, they disagree about how the ALJ applied one narrow portion of Test One.

5

Under the disability provisions of the law, except [as to certain provisions that are not relevant here], a person who is engaging in SGA is not eligible for payment of disability benefits. SGA is defined in the regulations as work "that involves doing significant physical or mental activities . . . [and] is the kind of work usually done for pay or profit. . . ."  "Significant activities" are useful in the operation of a business and have economic value. Work may be substantial even if it is performed on a part-time basis, or even if the individual does less, has less responsibility, or makes less income than in previous work.  Work activity by a self-employed person is gainful if it is the kind of work usually done for profit, whether or not a profit is realized.  Activities such as self-care, household tasks, unpaid training, hobbies, therapy, school attendance, clubs, social programs, etc., are not generally considered to be SGA.

. . . .

In determining whether a self-employed individual is engaging in SGA, consideration must be given to the individual's activities and their value to his or her business.  Self-employment income alone is not a reliable factor in determining SGA, since it is influenced not only by the individual's services but also by such things as market conditions, capital investments, the services of other people, and agreements on distribution of profits.

. . . .

**POLICY STATEMENT**: SGA determinations for self-employed persons are based on three tests . . . .

. . . .

A. <u>Test One: Significant Services and Substantial Income</u>

The individual's work activity is SGA if he or she renders services that are significant to the operation of the business and if he or she receives a substantial income from the business.

. . . .

1. <u>Significant Services</u>

a. <u>Self-Employed Persons Other Than Farm Landlords</u>. . . . Where the services of a sole owner or partner are significant under either of these tests, the individual will be found engaged in SGA if he or she receives substantial income from the business.

. . . .

2. <u>Substantial Income</u>. . . . Even if "countable income" from the business does not average more than the applicable amount shown in the Guidelines, a self-employed individual will have substantial income from a business ***if the livelihood which he or she derives***

> *from the business is comparable to that which he or she had*
> *before becoming disabled* . . . .
> c. <u>Determining Whether a Self-Employed Person's Livelihood</u>
> <u>Compares With Personal or Community Standard of</u>
> <u>Livelihood</u>. . . .
> (1) <u>General Considerations</u>. . . . The [District Office] should have
> included in its determination a discussion of all the factors
> considered, so that it will be clear when an earnings report is not to
> be taken at face value. It is especially important that a detailed
> explanation be given as to the reasons why an apparently
> successful business is reported as yielding a less-than-substantial
> income. . . . The type of business, amount of gross sales, the
> markup on products sold, and expenses such as rent, utilities,
> transportation, labor costs, profit shares to employees and partners,
> etc., are among relevant items to consider.
> (2) <u>Personal Standard</u>. If the business was the individual's sole
> means of livelihood for a number of years before he or she became
> disabled, and the individual continues to receive a comparable
> livelihood from it after becoming disabled, his or her income will
> be considered substantial.  However, in some cases, chronic illness
> or other special circumstances existing for some time prior to the
> individual's becoming disabled may indicate that his or her
> financial situation in that period should not be considered an
> indication of the individual's standard of livelihood.  Under such
> circumstances, the community standard of livelihood would be a
> more pertinent basis for determining whether current and expected
> income from the business is substantial.

SSR 83-34, 1983 WL 31256, at *1–4, 7–8 (emphasis added).

Plaintiff argues that the ALJ failed to properly apply Test One in determining whether he

had been engaged in SGA during the relevant time.  [Doc. 17] at 3–5.  Plaintiff does not

challenge the ALJ's finding on the first prong of Test One (i.e., that Plaintiff has been providing

services that are significant to the operation of the business).  *Id.* at 5.  Rather, Plaintiff

challenges the ALJ's finding on the second prong of Test One (i.e., that his livelihood was

comparable to what it had been before he became seriously impaired).  *Id.*  Plaintiff does not

challenge the evidence on which the ALJ relied.  He merely challenges the ALJ's evaluation of that evidence as to the second prong of Test One.  *Id.*

The parties found it helpful to include in their briefing the following list of Plaintiff's net income for the past 20 years.  [Doc. 21] at 2–3; [Doc. 22] at 1–2.  The Court also finds the list helpful.

| | | | |
|---|---|---|---|
| 1986 | 12937.00 | 2000 | 10988.00 |
| 1987 | 8700.00 | 2001 | 15489.00 |
| 1988 | 8700.00 | 2002 | 16772.00 |
| 1989 | 10179.00 | 2003 | .00 |
| 1990 | 9425.00 | 2004 | .00 |
| 1991 | 2439.00 | 2005 | 979.00 |
| 1992 | 6751.00 | 2006 | .00 |
| 1993 | .00 | 2007 | .00 |
| 1994 | 4647.00 | 2008 | 4138.00 |
| 1995 | .00 | 2009 | 1049.00 |
| 1996 | .00 | 2010 | .00 |
| 1997 | .00 | 2011 | 1259.00 |
| 1998 | .00 | [2012 | 5126.00] |
| 1999 | 6406.00 | [2013 | 1202.00] |

Tr. 527 (bracketed information from ALJ's decision at Tr. 411 (citing Tr. 600 (2012 income tax return, line 12); Tr. 575 (2013 income tax return, line 12))).

Plaintiff first argues that in applying Test One, the proper comparison should be the income from 1999–2002 with 2003–present. [Doc. 17] at 5. He urges that his income "was dramatically lower" starting in 2003. *Id.* He offers no authority or argument as to why it was error for the ALJ to have considered 1993–1998 as well. *See id.*

Then, in his Reply, Plaintiff makes a new argument. He averages the annual incomes for the years 1986–2005 ($5,721.10 per year) and 2006–2011 ($1,074.33 per year). [Doc. 22] at 2. He then compares the two averages. He argues that "the countable income from 1986 through 2005 was 5.3 times the average countable income from 2006 through 2011. These figures are not comparable or similar." *Id.* The Court supposes that the ALJ could have utilized Plaintiff's preferred method of comparison. But that is not the standard. Plaintiff must show either that there is not substantial evidence to support the ALJ's factual findings, or that the ALJ applied the wrong legal standard. *See Maes*, 522 F.3d at 1096. Here, Plaintiff offers no argument—much less authority— for why the ALJ's method of comparison was improper. *See* [Doc. 17] at 5; [Doc. 22] at 2. Additionally, the Court has surveyed authorities from across the nation[3] on this

---

[3] *See Varney v. Astrue*, 164 Soc. Sec. Rep. (CCH) 434, 2011 U.S. Dist. LEXIS 43113, at *11–12 (D. Or. 2011) (reversing and remanding where, among other things, the ALJ made no finding at all as to whether the claimant's countable income before she became disabled was comparable to that which she had after she became disabled and offering no guidance as to precisely how that comparison should be made); *Brown v. Astrue*, 137 Soc. Sec. Rep. (CCH) 707, 2008 U.S. Dist. LEXIS 106995, at *9–10 (N.D. Tex. 2008) (magistrate judge's recommending reversal and remand where, among other things, the ALJ had made no finding at all as to whether the claimant's countable income before he became disabled was comparable to that which he had after he became disabled, but offering no guidance as to precisely how that comparison should be made); *Netten v. Barnhart*, 2006 U.S. Dist. LEXIS 29550,

esoteric issue and found nothing that supports Plaintiff's argument.  More importantly, though, the Court has found no authority that calls into question the ALJ's approach for comparing the livelihood Plaintiff received from his self-employment before and after he became disabled.

<u>Conclusion</u>

Plaintiff fails to meet his burden to show that the ALJ erred in determining that Plaintiff was engaged in SGA during the relevant time period.  The Motion will be denied and the Commissioner's final decision, affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supportive Memorandum [Doc. 17] is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

at *20–21 (N.D. Iowa 2006) (unpublished) (reversing and remanding where the record contained no evidence of the plaintiff's self-employment income prior to becoming disabled).